STATE OF MONTANA,
          Plaintiff,                                  NO. DC 93-011
      vs.                                         DECISION
Darrel Gene Howe,
          Defendant.

On August 6, 1993, it was the judgment of the Court that the defendant serve a term of forty (40) years at the Montana State Prison for the offense of Sexual Intercourse Without Consent, a Felony. Credit is to be given for one hundred sixteen (116) days served in custody and under house arrest pending final disposition of this matter. Given the nature and extent of his deviancy, and the apparent depth of his denial, the defendant is to be ineligible for parole until he completes all phases of the sex offender treatment program at the Montana State Prison and follow all resulting recommendations. Having repeatedly demonstrated his inability to control his deviant impulses, having demonstrated the extent to which he is willing to go to satisfy his deviant desires, and it being clear that he is a predator and dangerous, it is further ordered that the defendant be declared a dangerous offender for purposes of parole eligibility. As required by Section 46-18-254, M.C.A., the defendant is hereby advised of his obligation to register as a sexual offender upon his release from custody. More specifically, under Title 46, Chapter 23, Part 5, of the Montana Code Annotated, the defendant must: 1. Within fourteen (14) days of coming into a County in which he resides or is temporarily domiciled, register with the Chief of Police of the municipality or the Sheriff of the County if he resides in an area other than a municipality; 2. Within ten (10) days of changing residence given written notification of his new address to the law enforcement agency with whom he last registered. Sections 46-23-504 and 46-23-505, M.C.A. The defendant is further advised that his obligation to register continues for a period of ten (10) years following his release from prison. Failure to comply with this requirement is punishable by a maximum fine of $250.00 and by a maximum term of imprisonment of ninety (90) days. Sections 46-23-506 and 46-23-507, M.C.A. A misdemeanor, failure to comply with this requirement could also result in the revocation of parole and/or probation.

On March 7, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was represented by Edward J. Corrigan, deputy county attorney of Kalispell.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed with the modification that the defendant be ineligible for consideration for parole until he has served twenty (20) years of the forty (40) year sentence imposed by Judge Keedy, and also has completed all phases of the sex offender program available at Montana State Prison.

The reasons for the modification include the defendant's extreme predatory nature, his poor prognosis for rehabilitation from his extended deviant behavior and the thus demonstrated need of society to be further protected from him.

Done in open Court this 7th day of March, 1996.

DATED this 20th day of March, 1996.

Chairman, Hon. Ted O. Lympus
Member, Hon. Jeffrey M. Sherlock
Member, Hon. William Nels Swandal

The Sentence Review Board wishes to thank Darrell Gene Howe for representing himself in this matter and also Edward J. Corrigan, deputy county attorney of Kalispell for representing the State.